Case 4:23-cv-00570   Document 27   Filed on 07/05/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
July 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAPHNE OCTAVIA SPURLOCK, (TDCJ # 01916873), | § § § | |
| Petitioner, | § § | |
| vs. | § | CIVIL ACTION NO. H-23-570 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Daphne Octavia Spurlock, (TDCJ # 01916873), filed a petition and an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging her 2014 conviction and sentence for injury to a child. (Docket Entry Nos. 1, 4, 7). The respondent answered the amended petition along with copies of the relevant state-court records, asking that Spurlock's petition be dismissed as successive. (Docket Entry Nos. 23, 24). After considering Spurlock's petition and amended petition, the respondent's answer, and all matters of record, the court dismisses Spurlock's petition. The reasons are explained below.

**I.    Background**

In January 2014, Spurlock was convicted of one count of injury to a child in Montgomery County Cause Number 13-12-13492-CR and sentenced to 40 years in prison. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/ (last visited June 14, 2023). Her conviction and sentence were affirmed on direct appeal. *See Spurlock v. State*, No. 09-14-00067-CR, 2014 WL 4755521 (Tex. App.—Beaumont, Sept. 24, 2014, no pet.) (mem. op., not designated for publication). Spurlock did not file a petition for discretionary review.

In November 2015, Spurlock filed a state application for a writ of habeas corpus, raising a single claim of ineffective assistance of counsel. (Docket Entry No. 24-2, pp. 6-25). The state habeas trial court made findings of fact and conclusions of law and recommended that relief be denied. (*Id.* at 87-89). On August 24, 2016, the Texas Court of Criminal Appeals denied Spurlock's application without written order on findings of the trial court. (Docket Entry No. 24-1).

In May 2017, Spurlock filed a petition for federal habeas relief in this court, challenging her 2014 conviction. *See Spurlock v. Davis*, Civil No. H-17-1564 (S.D. Tex. Sept. 26, 2017). This petition was dismissed as untimely filed in September 2017.[1] *Id.* at Dkts. 13, 14.

In February 2023, Spurlock filed the petition that started this action. (Docket Entry No. 1). In that petition and a subsequent amended petition, Spurlock alleges multiple claims of ineffective assistance of trial counsel, prosecutorial misconduct, and trial court error relating to her alleged incompetency. (Docket Entry No. 7, pp. 5, 7-12). She denies that she appealed her judgment and conviction in the state court, denies that she filed any state-court postconviction proceedings, and denies that she filed any previous federal petitions or motions regarding this conviction. (*Id.* at 2-3, 13). She asks the court for relief from her conviction. (*Id.* at 15).

**II.   Discussion**

Spurlock's petition for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020). But before filing a

---

[1] This court's records show that Spurlock appealed the dismissal of her 2017 federal habeas petition in February 2023. *See Spurlock v. Davis*, Civil No. H-17-1564 (S.D. Tex. Sept. 26, 2017), at Dkt. 17. The Fifth Circuit dismissed that appeal for want of jurisdiction. *See Spurlock v. Lumpkin*, Appeal No. 23-20062 (5th Cir. Mar. 31, 2023).

second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that [the] petition satisfies [AEDPA]'s gatekeeping requirements." *Id.* A petitioner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A). Without such authorization, the action must be dismissed for lack of jurisdiction.

Spurlock challenged this same state-court conviction in her previous federal habeas petition. The issues she raises could have been raised in that earlier petition. Her current petition is successive under 28 U.S.C. § 2244(b), and she must obtain authorization from the Fifth Circuit before this court may consider it. *See* 28 U.S.C. § 2244(b)(3)(A). But this court has no record of an order from the Fifth Circuit authorizing Spurlock to file a successive petition. Without authorization from the Fifth Circuit, this court has no jurisdiction to consider her current petition.

Spurlock's petition and amended petition, (Docket Entry Nos. 1, 7), are dismissed without prejudice as successive. All pending motions, including Spurlock's motion for speedy trial, (Docket Entry No. 25), are denied as moot. A certificate of appealability will not be issued.

SIGNED on July 5, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3